**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:05CV01547** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **PHYLLIS MITTELSTADT** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et al.** | : | |
| | : | **DEFENDANTS** |

**ORDER**

Pending is Defendants' Motion for Summary Judgment Re: Statute of Limitations (Doc. No. 3).  Plaintiff has responded and Defendants have replied.[1]

**I.      BACKGROUND**

Plaintiff Phyllis Mittelstadt took HRT from 1984 to 1997 to treat her "miserable hot flashes."[2]   In February 1998, Plaintiff was diagnosed with breast cancer and in March 1997, Plaintiff's physician advised her to stop taking HRT.[3]

Plaintiff subscribed to *Seasons Magazine*, a Wyeth educational publication for women about menopause and HRT.[4]  On June 24, 1997, Plaintiff wrote a letter to the editor of *Seasons Magaine*.  The letter reads, in part:

---

[1]Doc. Nos. 9, 13.

[2]Doc. Nos. 4, Exs. 4 and 12.

[3]*Id*.

[4]*Id.*

The point of this letter is that I think women should be warned about the risks of long term use of estrogen.  I was on HRT for thirteen years, far too long according to recent research which claims that after five years, the chances on developing breast cancer rise to 45%.  An article in <u>SEASONS</u>, well-written, would in no way detract from the benefits of cautious use of estrogen therapy, the benefits which I enjoyed for thirteen "clueless" years.  I used to call it my "elixir of youth."  I should have called it my "elixir of death" (although I don't plan on dying any time soon, at least not from breast cancer) . . . One last request; please cancel my subscription to <u>SEASONS</u> as I will never take estrogen again.[5]

On June 20, 2005, Plaintiff filed her Complaint in the United Stated District Court for the Central District of California, alleging that HRT caused her to develop breast cancer.[6]

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[7]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[8]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[9]  Nevertheless, summary judgment promotes judicial economy by

---

[5]Doc. No. 4, Ex. 2.

[6]Doc. No. 1.

[7]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[8]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[9]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

preventing trial when no genuine issue of fact remains.[10]  I must view the facts in the light most

favorable to the party opposing the motion.[11]  The Eighth Circuit has also set out the burden of

the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[12]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[13]


## III.    DISCUSSION

The parties agree that the statute of limitation in this case is 2 years.[14]

Although the briefs focus on Plaintiff's June 24, 1997 letter, I need not determine

whether this letter started the statute of limitations running.  Plaintiff concedes that "learning the

results" of the WHI Study put her "on notice of her claim."[15]  The WHI results were release in

---

[10]*Id.* at 728.

[11]*Id.* at 727-28.

[12]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[13]*Anderson*, 477 U.S. at 248.

[14]Doc. Nos. 4, 9.  Although Plaintiff cites Cal. Civ. Pro Code § 340.8 and Defendants cite Cal. Civ. Pro Code § 335.1, the result is the same -- a 2-year statute of limitation..

[15]Doc. No. 9.

July 2002.[16]  Plaintiff filed her complaint on June 20, 2005 -- almost 3 years after the WHI

results were released, and nearly 1 year beyond the 2-year statute of limitations.


**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendants' Motion for

Summary Judgment Re: Statute of Limitations (Doc. No. 3) is GRANTED.

IT IS SO ORDERED this 8th day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[16]Doc. No. 9.